**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SWEET SAGE CAFÉ, LLC,

    Plaintiff,

v.                                                      CASE NO: 8:15-CV-2576-T-30JSS

TOWN OF NORTH REDINGTON
BEACH, FLORIDA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 28) and Defendant's Motion to Stay Administration of Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 32). The Court, upon review of the motions, and being otherwise advised in the premises, concludes that a stay is appropriate pending Defendant's appeal to the Eleventh Circuit Court of Appeals. Accordingly, the Court will grant Defendant's motion.

On January 27, 2017, the Court granted Plaintiff's motion for summary judgment, concluding that Defendant's sign ordinance that prohibited the display of non-commercial and commercial outdoor signs without a permit, but exempted more than 17 categories of signs, was facially unconstitutional under the First Amendment (Dkt. 26). Final judgment was entered in Plaintiff's favor that same day (Dkt. 27).

On February 10, 2017, Plaintiff filed a motion seeking prevailing party attorneys' fees and taxable costs (Dkt. 28).  On February 17, 2017, Defendant filed a notice of appeal (Dkt. 30).  On February 24, 2017, Defendant also filed a motion to stay any ruling with respect to Plaintiff's entitlement to attorneys' fees and costs (Dkt. 32).

The Court concludes that a stay is appropriate under the circumstances.  Even thought the Court's decision was based on the recent United States Supreme Court opinion in *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2226 (2015) and the Eleventh Circuit opinion in *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250 (2005) (applying the same test articulated in *Reed* to a city sign code), the Court concludes that a stay is the most efficient approach until the pending appeal is concluded.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Stay Administration of Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 32) is granted.

2. The Court defers ruling on Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 28) until fourteen (14) days after the Eleventh Circuit issues a final decision on the pending appeal.

3. The Clerk is directed to terminate Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 28) from pending status.

4. If the Eleventh Circuit affirms this Court, Defendant shall file its response to Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 28) within fourteen (14)

days of the mandate. The Court will then reinstate Plaintiff's Motion to pending status at that time.

**DONE** and **ORDERED** in Tampa, Florida on February 27, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record